IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-00464-PAB-KMT

JACQULYN MORTON,

    Plaintiff,

v.

INTEGRITY MOTORS INC., d/b/a McDonald Automotive Group,

    Defendant.

## ORDER

This matter is before the Court on defendant's Motion to Stay and Compel Arbitration [Docket No. 7]. Plaintiff "confesses the Motion" and requests that the case be "administratively closed pending arbitration." Docket No. 10 at 1.

In a case involving a written arbitration agreement between the parties that encompasses the disputes at issue in the litigation, section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, instructs courts to stay the action "until such arbitration has been had in accordance with the terms of the agreement." Upon review of the motion to compel arbitration and the attachments thereto, the Court concludes that arbitration is necessary in this case. However, the Court will administratively close this case, subject to reopening for good cause, rather than granting a stay of proceedings during the pendency of the arbitration proceedings. *See Quinn v. CGR*, 828 F.2d 1463, 1465 & n. 2 (10th Cir.1987) (construing closure of case subject to reopening upon a showing of good cause as the practical equivalent of a stay).

Accordingly, it is

**ORDERED** that defendant's Motion to Stay and Compel Arbitration [Docket No. 7] is GRANTED in part and DENIED in part.  The motion is granted to the extent it seeks to compel plaintiff to arbitrate the claims that she asserts in this action against defendant.  The motion is denied to the extent that it requests a stay of this action.  It is further

**ORDERED** that the parties shall proceed to binding arbitration in a manner consistent with the agreement attached to the motion to compel arbitration.  It is further

**ORDERED** that this action shall be administratively closed, subject to reopening for good cause, pursuant to D.C.COLO.LCivR 41.2.  It is further

**ORDERED** that not later than twenty days after the completion of the arbitration proceeding, the parties shall file a status report advising the Court whether they believe the case should be reopened for good cause for any further proceedings in this Court or whether the case may be dismissed.  It is further

**ORDERED** that if no party files a stipulation to dismiss the case or a motion to reopen the case on or before December 1, 2013, this case will be dismissed without prejudice without further notice to the parties and without further action by the Court.

DATED April 19, 2013.

                                    BY THE COURT:

                                    s/Philip A. Brimmer
                                    PHILIP A. BRIMMER
                                    United States District Judge